**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

1. DONNA MANLEY,                           )
                                           )
      Plaintiff,                         ) Case No. CIV-23-923-F
                                           )
                                           ) JURY TRIAL DEMANDED
                                           ) ATTORNEY LIEN CLAIMED
1. OKLAHOMA COUNTY SCHOOL                  )
   DISTRICT I-89 a/k/a Oklahoma City       )
   Public Schools.,                        )
                                           )
      Defendant.                         )

## COMPLAINT

**COMES NOW THE PLAINTIFF,** Donna Manley, and hereby pleads her claims as follows:

## PARTIES

1. The Plaintiff is Donna Manley, an adult resident of Oklahoma County, Oklahoma.

2. The Defendant is Oklahoma County School District I-89 a/k/a Oklahoma City Public Schools, a political subdivision operating in Oklahoma County, Oklahoma.

## JURISDICTION & VENUE

3. Plaintiff's claims are for disability discrimination including failure to accommodate and retaliation for requesting accommodation and/or opposing disability discrimination, in violation of the Americans with Disabilities Act (ADA).

4. This court has jurisdiction over the federal claims pursuant to 28 U.S.C. 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 1367. The

1

conduct giving rise to this action occurred in Oklahoma County, Oklahoma, such that venue is proper in Oklahoma County, Oklahoma.

## **STATEMENT OF FACTS**

5. Defendant employed at least fifteen employees during at least twenty weeks in the current or proceeding calendar year.

6. Plaintiff was employed by the Defendant as a teacher for more than twenty years.

7. Plaintiff was qualified for her job position and performed satisfactorily.

8. Plaintiff suffers from impairment to her arm, elbow and neck after suffering an injury around 2005. Plaintiff also suffers from impairments to her heart, and problems with her back, leg and hip which, without the ameliorative effect of mitigating measures, would substantially limited Plaintiff's major life activities including lifting, pushing, walking, heart and circulatory function, among other impairments such that Plaintiff has an actual disability under the Americans with Disabilities Act.

9. Around 2019 the Defendant removed the Plaintiff from her duties as classroom teacher and placed her in the position of a "traveling" teacher.

10. As a "traveling" teacher, Plaintiff was required to drive extensively during the day, and repeatedly open and close car doors, bend into the seats of cars, place children into the seats of cars and engage in other similar activities Plaintiff had difficulty performing because of her medical conditions, and which exacerbated her medical conditions.

11. Plaintiff requested the reasonable accommodation of being allowed to return to the classroom and to not continue as a "traveling" teacher.

12. Around August 2021 the Defendant refused Plaintiff's accommodation and refused to offer an alternative accommodation.

13. Around September 2021 the Plaintiff injured her foot while at work and suffers from impairments to her foot and is required to undergo physical therapy.

14. Plaintiff again asked for the accommodation of not having to perform as a "traveling" teacher.

15. Defendant again refused to accommodate the Plaintiff.

16. Around May 11, 2022 the Plaintiff injured her neck, arms and hands as a result of being required to push/carry around her teaching supplies as a "traveling" teacher which have impaired major life activities including standing, working and moving.

17. Plaintiff continued to ask for accommodation, and Defendant refused to offer a reasonable accommodation.

18. Around June 25, 2022 the Plaintiff underwent heart bypass surgery to treat her heart failure and heart-valve impairments.

19. Defendant has refused to allow Plaintiff to return to work.

20. Plaintiff still needs an accommodation for her medical issues in the form of not being a "traveling" teacher.

21. Respondent has refused to allow Plaintiff to return to work with any accommodations.

22. Around September 2022 the Defendant placed Plaintiff on an involuntarily "unpaid medical leave of absence" which has effectively terminated Plaintiff's employment.

23. As a direct result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress including frustration, sadness, worry and similar unpleasant emotions.

24. At the least, the Defendant's conduct was because of Plaintiff's disability (including having an actual disability, a record of a disability and/or because Defendant regarded Plaintiff as disabled) and/or because she requested accommodation.

25. The Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on December 28, 2022. The EEOC issued Plaintiff her right to sue letter on July 18, 2023 and Plaintiff received such letter thereafter. This lawsuit is timely filed within ninety days of Plaintiff's receipt of her right to sue letter.

## COUNT I

Plaintiff incorporates the above paragraphs and further alleges:

26. Discrimination on the basis of disability (including an actual disability, a record of a disability and/or because the Defendant regarded Plaintiff as disabled) violates the ADA.

27. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress damages.

28.	Plaintiff is also entitled to declaratory relief including in the form of a court declaration that Defendant violated the ADA, to equitable relief including front pay and reinstatement, and to attorney fees and costs.

## COUNT II

Plaintiff incorporates the above paragraphs and further alleges:

29.	Failure to offer an available reasonable accommodation violates the Americans with Disabilities Act.

30.	Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress damages.

31.	Plaintiff is also entitled to declaratory relief including in the form of a court declaration that Defendant violated the ADA, to equitable relief including front pay and reinstatement, and to attorney fees and costs.

## PRAYER

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against the Defendant(s) and grant her all compensatory damages suffered, together with all damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 12TH DAY OF OCTOBER 2023.**

HAMMONS, HURST & ASSOCIATES

*s/Amber L. Hurst*

Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
HAMMONS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Email: amber@hammonslaw.com
*Counsel for Plaintiff*